### Continuation of Application for Search Warrant

Based on my knowledge, training and experience, and the investigation of law enforcement officers with personal knowledge and with whom I am working, I, Alexis Giudice, being duly sworn, depose and state as follows:

### INTRODUCTION

1. Based on the information set forth below, there is probable cause to believe that evidence of violations of federal law, specifically, Title 21, United States Code, Sections 841(a)(1) and 846 [Possession with Intent to Distribute Controlled Substances, and Drug Trafficking Conspiracy] will be found on certain electronic devices, specifically, two black IPhones, a navy blue IPhone, a light blue IPhone, a white IPhone, a charcoal IPhone and a rose gold IPad (hereinafter the "**Subject Devices**," described more fully in Attachment A). The categories of electronically stored information and evidence sought are described in Attachment B.

2. This Application requests the issuance of a warrant to examine the **Subject Devices** which were seized on November 1, 2022, following a traffic stop of a vehicle containing JASON WHITE, which resulted in the seizure of the **Subject Devices** and the arrest of WHITE pursuant to an outstanding federal arrest warrant issued from the Western District of Michigan.

### APPLICANT'S TRAINING AND EXPERIENCE

3. I am a Special Agent with the Drug Enforcement Administration ("DEA"), a position I have held since approximately August 2015. As part of my duties, I investigate criminal violations of the federal drug trafficking laws. I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances. I have received training in the areas of drug investigations, money laundering, financial investigations, and various methods which drug dealers use in an effort to conceal and launder the proceeds of their illicit drug trafficking enterprises. I have participated in investigations that have led to the issuance of search warrants involving violations of drug laws. These warrants involved the search of locations including: residences of targets, their associates, and relatives; storage facilities; smartphones; and computers. Evidence searched for, and recovered, in these locations has included controlled substances, records pertaining to the expenditures and profits realized therefrom, monetary instruments, and various assets that were purchased with the proceeds of the drug trafficking.

4. I know from training and experience that drug traffickers frequently utilize mobile telephones and other electronic devices, such as tablets and laptop and

desktop computers, to facilitate drug trafficking. Mobile telephones are portable, and some mobile telecommunications service providers do not require purchasers of the devices to provide their names and/or addresses, so narcotics traffickers often use the devices in an effort to avoid detection by law enforcement. Mobile phones often contain evidence indicative of drug trafficking, including records of incoming and outgoing calls and text messages with suppliers of narcotics; voicemail messages; photographs of drugs, coconspirators, or currency; and, in the case of "smart phones," Global Positioning System (GPS) data indicating the location of the device at given points in time, providing evidence that the device was in high drug trafficking areas or evidencing the route used in trafficking narcotics. Additionally, drug traffickers typically maintain and use multiple mobile phones to facilitate sales, and frequently switch phones to evade detection by law enforcement. Further, these types of devices are frequently used to access social media websites such as Facebook, Instagram, etc. In my training and experience, drug traffickers are using social media with increasing frequency to communicate with suppliers and purchasers of narcotics.

5.   I also know from training and experience that drug traffickers use tablets, laptop and desktop computers to further their activities by, for example, producing and maintaining drug ledgers and other financial records, photos/videos of drug trafficking and/or associates, and other related digital files. Storing this information can be intentional by the user, such as saving an e-mail as a file on the computer or tablet or saving the location of one's favorite websites in "bookmarked" files. Digital information can also be retained unintentionally without the user's specific knowledge. This might include traces of the path of an electronic communication being automatically stored in many places, such as temporary files or Internet service provider (ISP) client software, or files that were previously viewed or deleted being retained in "free disk" space. In addition to electronic communications, a computer or tablets user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. A forensic examiner often can recover evidence suggesting whether a computer contains certain file sharing software, when the computer was sharing files, and some of the files which were uploaded or downloaded. Such information is often maintained indefinitely until overwritten by other data.

6.   I also know from training and experience that drug traffickers utilize cameras and video cameras to take photos/video of narcotics, currency, high value items and coconspirators.

## PROBABLE CAUSE

7.   Since approximately winter 2021, the DEA Grand Rapids District Office ("GRDO") has been conducting an investigation into JASON WHITE for heroin trafficking.

8.  In February 2021, a DEA Confidential Source[1] ("CS") identified WHITE as a kilogram-level heroin customer located in Fort Wayne, Indiana. The CS identified WHITE by Indiana Driver's License photo and provided a phone number for WHITE.

9.  On February 22, 2021, the CS placed places recorded phone calls and exchanged text messages with WHITE. During the call, the CS and WHITE discussed meeting halfway the following week. The CS advised that WHITE wanted to return a kilo of heroin due to poor quality. On February 23, 2021, the CS placed a call to WHITE. WHITE did not answer his phone, but his voicemail picked up and the recording indicated, "Yes, you have reached Jason WHITE." On February 23, 2021, the CS placed a call to WHITE. During the call, the CS asked WHITE how much of the heroin he had left. WHITE stated that he only "danced with" a little bit of it, and his customers did not like it. WHITE stated that he planned on returning the majority of the heroin.

10. On March 9, 2021, the DEA CS placed a recorded phone call to Jason WHITE. During the call, the CS asked WHITE if they were still going to meet at the casino the following day and WHITE confirmed.

11. On March 10, 2021, investigators met with the DEA CS in order to conduct a return of heroin from WHITE to the CS. Investigators conducted a search of the CS and the CS vehicle, which yielded negative resulted for contraband. The CS and the CS' vehicle were equipped with audio and video recording equipment. The CS then met briefly with WHITE at a gas station pump. Investigators followed the CS back to a pre-determined meet location in which the CS immediately produced a bag containing approximately 632.3 grams of heroin.[2] The CS and the CS' vehicle were then searched again by investigators, which yielded negative results.

12. On December 7, 2021, a federal Grand Jury seated in the Western District of Michigan returned an indictment charging WHITE with Distribution of Heroin. On the same date, the Honorable Judge Phillip Green issued a federal arrest warrant for WHITE.

13. On December 7, 2021, I provided the arrest warrant to investigators in Fort Wayne, Indiana. Over the course of the next 10 days agents from DEA Fort

---

[1] The CS is cooperating in order to receive consideration regarding pending federal charges within the Western District of Michigan. The CS has a criminal history that includes State of Michigan convictions for Aggravated Assault, Stalking, Controlled Substance-DEL/MFG, and a Federal Conviction for Conspiracy-Cocaine. The CS information has been corroborated by other law enforcement sources and investigative intelligence. The CS has previously provided real-time information, conducted recorded phone calls in the presence of law enforcement, conducted controlled purchases and has provided intelligence that has led to both state and federal arrests. Investigators have consistently found the CS's information reliable and have not determined that any of the CS' information to be untrue.

[2] The lab analysis conducted by the North Central Laboratory determined the substance to be heroin.

Wayne unsuccessfully made several attempts to locate WHITE, including surveillance of his last known addresses.

14. On January 6, 2022, DEA Fort Wayne executed a federal search warrant at a residence associated with WHITE, which resulted in the seizure of narcotics related packing, and three firearms. WHITE was not located in the residence during this search warrant and remained outstanding.

15. On November 1, 2022, in South Carolina, Anderson County Sheriff's Office Deputy James Ruff observed a black Cadillac Escalade fail to maintain its lane of travel. Deputy Ruff conducted a traffic stop of the vehicle and made contact with the driver, who initially identified himself with a Georgia Driver's license. Deputy Ruff conducted a check of the driver's license, which came back as unreadable. Deputy Ruff confronted the driver over the fake driver's license, and the driver identified himself as JASON WHITE and advised it was possible that he had a warrant. Deputy Ruff asked WHITE if there was anything illegal inside of the vehicle and WHITE advised that he had a small amount of marijuana and a pistol. Deputy Ruff confirmed the outstanding warrant for WHITE and placed WHITE into custody.

16. During a search of the vehicle incident to arrest, Deputy Ruff located and seized the following: the **Subject Devices**, approximately 10 grams of marijuana, a Glock 30s with an extended magazine and multiple fake ID's containing WHITE's photo from various states.

17. On November 2, 2022, Deputy Ruff contacted me and advised of WHITE's arrest and the items located in the vehicle. I requested that the **Subject Devices** be transferred to DEA GRDO custody. On November 7, 2022, I received the **Subject Devices** from the Anderson County Sheriff's Office, which are currently in evidence storage at GRDO.

18. Based on the information set forth above, particularly WHITE's prior use of electronic devices to coordinate drug transactions, and my knowledge, training and experience in drug trafficking investigations, I respectfully submit there is probable cause to believe additional evidence of drug trafficking will be found in electronic format on the **Subject Devices**. In this case, the **Subject Devices (**two black IPhones, a navy blue IPhone, a light blue IPhone, a white IPhone, a charcoal IPhone and a rose gold IPad) were located in WHITE's vehicle following the traffic stop of WHITE. Based on the totality of the circumstances discussed above, there is probable cause to believe that those **Subject Devices** will contain contact lists, telephone logs, photographs and other data that relate to drug trafficking and drug traffickers.

19. The **Subject Devices** are currently in storage at the DEA Grand Rapids District Office. The **Subject Devices** have been stored in a manner in which their

contents are, to the extent material to this investigation, in substantially the same state as they were when the **Subject Devices** were first seized by the Anderson County Sheriff's Office on November 1, 2022.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20. The warrant applied for would authorize the extraction and copying of electronically stored information, all under Rule 41(e)(2)(B).

21. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

*Forensic evidence.* As further described in Attachment B, this application seeks permission to locate forensic electronic evidence that establishes how the **Subject Devices** were used, the purpose of the use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Subject Devices** because: Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

22. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Devices** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

23. I respectfully submit that there is probable cause to believe that JASON WHITE and others unknown have engaged in the distribution of controlled substances, and that they have conspired to do the same, in violation of 21 U.S.C §§ 841 and 846. I submit that this application supplies probable cause for a search warrant authorizing the examination of the **Subject Devices** described in Attachment A to seek the items described in Attachment B.